# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MIDWEST OPERATING ENGINEERS WELFARE FUND, | ) ) ) ) Case No. 14-2436 |
| Plaintiff, | ) ) Judge Sara L. Ellis |
| v. | ) ) |
| COUNTY OF MERCER AND SHERIFF OF MERCER COUNTY, | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Midwest Operating Engineers Welfare Fund ("the Fund") is an employee welfare benefit plan to which Defendants County of Mercer and Sheriff of Mercer County (collectively, "Mercer") made monthly benefit contributions on behalf of bargaining unit employees under two collective bargaining agreements (collectively, the "CBAs"). The Fund has brought suit seeking delinquent payments for Jeff Dale and Christina Brewer. Mercer argues that the CBAs have lapsed, and therefore this Court does not have subject matter jurisdiction to hear this claim. Because the Court agrees, the motions to dismiss [13 & 24] are granted.

## BACKGROUND[1]

International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150") and County of Mercer are parties to a CBA that covers employees in Mercer County's Highway Department. County of Mercer, Sheriff of Mercer County, and Local 150 are parties to a CBA covering employees in the Sheriff's Department. Under the terms of those CBAs and the

---

[1] The facts in the background section are taken from the Fund's complaint and are presumed true for the purpose of resolving Mercer's motions to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

Declaration of Trust, Mercer is obligated to make monthly benefit contributions to the Fund on behalf of bargaining unit employees. For a period of years, Mercer made these benefit contribution payments on behalf of Jeff Dale (Sheriff's Department) and Christina Brewer (Highway Department). In January 2014, those payments stopped. The Fund seeks $8,400.00 in payments, plus liquidated damages, the costs of audit, and attorney's fees. Mercer claims jurisdiction is proper pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of proof. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction (a facial challenge), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See id.; United Phosphorus*, 322 F.3d at 946. If, however, the defendant denies or controverts the truth of the jurisdictional allegations (a factual challenge), the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if the plaintiff has established jurisdiction by a preponderance of the evidence. *See Apex Digital*, 572 F.3d at 443–44; *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

# ANALYSIS

Mercer argues that the Court does not have jurisdiction over a pension fund's claim for contributions after the expiration of a collective bargaining agreement and, because the ultimate question is whether Mr. Dale and Ms. Brewer are members of the collective bargaining unit, the proper arena for this case is the Illinois Labor Relations Board ("ILRB"). The Fund argues generally that this Court has jurisdiction under Section 502 of ERISA. The Fund does not dispute that Mercer sought to terminate the CBAs in August 2013, but argues instead that such termination was invalid because it was untimely and, in any event, Mercer has adopted the CBAs by continuing to contribute for other employees. The Fund also argues that the ILRB does not have exclusive jurisdiction over claims for delinquent contributions and that there are no representational issues to be decided. The Court finds it does not have subject matter jurisdiction under current Supreme Court and Seventh Circuit precedent.

The Fund has not demonstrated to the Court that jurisdiction is proper under *Laborers Health and Welfare Trust Fund for Northern California v. Advanced Lightweight Concrete Company*, 484 U.S. 539, 1085 S. Ct. 830, 98 L. Ed. 2d 936 (1988). In *Advanced Lightweight*, the Supreme Court considered the question of whether a district court has jurisdiction over a delinquent contribution claim based on an alleged breach of the employer's statutory duty under ERISA, in addition to a claim for contribution based on breach of contract. *Id.* at 541. The Court concluded the federal remedy is limited to collecting "promised contributions," i.e. contractual obligations. *Id.* A plan's failure to pay contributions after the expiration of a CBA may be a breach of its statutory duty to bargain in good faith (by failing to maintain the status quo)—but this is a statutory violation in the purview of the National Labor Relations Board ("NLRB"). *Id.* at 552 ("[W]hether an employer's unilateral decision to discontinue contributions

to a pension plan constitutes a violation of the statutory duty to bargain in good faith is the kind of question that is routinely resolved by the administrative agency with expertise in labor law."). A district court would have jurisdiction over a post-CBA delinquent contributions claim only if there was a contractual basis for that claim. *Id.* at 548–49 (explaining that the remedy for delinquent contributions under § 502(g)(2) and § 515 "is limited to the collection of 'promised contributions' and does not confer jurisdiction on district courts to determine whether an employer's unilateral decision to refuse to make postcontract contributions constitutes a violation of the NLRA"). The Seventh Circuit follows this jurisdictional directive. *See Auto. Mech. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 745 (7th Cir. 2007) (rejecting subject matter jurisdiction challenge and distinguishing *Advanced Lightweight* because the plaintiff brought a contract-based claim). The district courts follow suit. *See, e.g.*, *Chicago Area I.B. of T. Health & Welfare Trust Fund v. Thomas S. Zaccone Wholesale Produce, Inc.*, 874 F. Supp. 188, 190–192, 192 n.5 (N.D. Ill. 1995) (entertaining plaintiff's contract-based claim for post-CBA expiration contributions, but explaining a failure to contribute claim based on unfair labor practices "is properly directed only at the NLRB").

The Fund has not presented sufficient evidence to show that this is a contractual claim rather than a statutory one. The Fund first argues the CBA is still in effect because Mercer's "termination notice of August 2013 was ineffective since it was sent *prior* to the expiration of the CBA and not 'during the period of negotiations,' as required by the CBA." Doc. 26 at 6. However, the Sheriff's Department CBA considers notice to be sufficient if given "in writing at least ninety (90) days prior to the anniversary date" during the pendency of the CBA or, "during the period of negotiations, written notice must be given to the other party not less than ten (10)

days prior to the desired termination date which shall not be before the anniversary date[.]"[2] Doc. 26-2 at 35–36. Per the plain terms of the termination provision, Mercer was not required to give notice during the negotiations—it could tender written notice ninety days before the anniversary date. The Fund has not submitted any evidence to show that the August 2013 notice was not timely under the pre-termination modification clause. This argument fails.

The Fund next contends that Mercer has adopted the now-expired CBAs by continuing to contribute to the Fund. The Seventh Circuit, however, has rejected just this argument. In a similar case, the Court concluded payments after the expiration of the CBA did not require the inference that the CBA was "tacitly extended." *See Dugan v. R. J. Corman R.R. Co.*, 344 F.3d 662, 668 (7th Cr. 2003). The Court found "the continued contributions may not have even been voluntary on [the employer's] part, and if they were involuntary they certainly were not an acknowledgement of a contractual obligation." *Id.* at 669. Rather, the employer may have been acting on its statutory obligation to maintain the status quo during contract negotiations and continue making contributions under the expired CBA.[3] *Id.* Beyond submitting the contribution reports and an affidavit attesting that contributions were received, the Fund has not shown or articulated why these contributions are a contractual rather than statutory obligation. The Fund does not point to any other document or agreement that could create a contractual obligation for Mercer to continue the payments. The Fund has not met its burden to show any contractual hook

---

[2] The other applicable CBA has identical termination language. Doc. 26-1 at 40.

[3] The Fund makes a related, but undeveloped, argument that if the CBA was not extended by Mercer's actions, Mercer's employee committed fraud by remitting the forms "attesting the existence of a collective bargaining agreement." Doc. 26 at 8. The Court will not delve into this question, but notes "the cases hold that an expired agreement—one that has no *contractual* force—nevertheless can satisfy the statutory requirements, 'in part because even after expiration of such an agreement, an employer has a duty to bargain in good faith and maintain the status quo as to wages and working conditions until a new agreement or an impasse is reached.'" *Dugan*, 344 F.3d at 668 (citation omitted). That an employee remitted payments (presumably on the same form) during the negotiations period does not smack of fraud. And in any case, fraud was not alleged in the Complaint.

to give this Court jurisdiction over this claim for delinquent benefits payments after the CBAs expired. *See Advanced Lightweight*, 484 U.S. at 548–49.

Mercer also argues that the ILRB is the exclusive arbiter of the scope of public employee union bargaining units and this case really turns on whether Mr. Dale and Ms. Brewer are members of the CBA bargaining units. Because the Court has determined it does not have subject-matter jurisdiction over this case, it will not express any opinion on the merits of the claim or the ILRB's jurisdiction. However, to address the Fund's contention that this Court has jurisdiction despite the alleged representational issue, it notes that the cases cited by Mercer all involve questions of an employer's continuing obligation under an operative contract. *See Cent. States, Se. & Sw. Areas Pension Fund v. Gerber Truck Serv., Inc.*, 870 F.2d 1148, 1151–52 (7th Cir. 1989) (considering employer's obligations under a participation agreement); *Moriarty v. Svec*, 164 F.3d 323, 333–35 (7th Cir. 1998) (considering whether CBA covered certain class of employees). Although *Moriarty* did find that the district court had jurisdiction to determine the coverage of certain employees under the CBA, the case involved an employer's refusal to contribute during the operative period of the CBA, not after its expiration. *Id.* at 334 ("The only question here is whether the terms of the CBAs entered into by the Funeral Home apply to employees of WSL."). *Moriarty* dealt with an operative contract and therefore cannot bring the Fund past *Advanced Lightweight*'s jurisdictional hurdle.

Finally, the Fund argues that it does not have standing to bring a matter before the ILRB and there is no current matter addressing these complaints before that body. Mercer does not address the standing issue. Again, because this Court does not have jurisdiction to consider the Fund's claim, it will not address an ILRB standing issue. Mercer appends to its Reply an "Illinois Labor Relations Board Charge Against Employer," directed to Mercer County and the

Sheriff of Mercer County.[4]  Doc. 27-2.  Although it does seem odd that Mercer ceased payments for two of many employees, because the Fund has not established that there is a contractual obligation to continue contributions, this failure to maintain the status quo during bargaining may be a matter for the ILRB in the recently filed action, but it is not appropriate for this Court.

## CONCLUSION

For the foregoing reasons, Mercer's motions to dismiss [13 & 24] are granted.  The Fund's Complaint is dismissed with prejudice.

Dated: November 10, 2014

SARA L. ELLIS
United States District Judge

---

[4] This charge was filed June 17, 2014, during the briefing of this motion.  After this motion was fully briefed, the Fund sought leave to supplement its response with the Complaint for Hearing and Partial Dismissal issued by the ILRB on October 10, 2014 relating to that charge.  Doc. 28.  The Court takes judicial notice of the filing of these documents, but because it lacks jurisdiction over the merits of the case, did not consider their contents in rendering its decision.